IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-7-1BO
No. 5:18-CV-104-BO

| | | |
|---|---|---|
| MARC ALAN KEARNEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. A hearing was held before the undersigned on September 12, 2018, at Raleigh, North Carolina.

## BACKGROUND

Petitioner was sentenced on April 12, 2017, to a term of 120 months' imprisonment and ten years of supervised release after pleading guilty to a charge of conspiracy to manufacture, distribute, dispense, and possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. [DE 119]. Petitioner did not appeal his conviction or sentence. Petitioner filed a motion under 28 U.S.C. § 2255 on March 19, 2018, alleging that counsel was ineffective for failing to preserve an argument based on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), and that counsel failed to file a notice of appeal as direction by petitioner. [DE 140].

The Court ordered an evidentiary hearing on petitioner's claim that counsel failed to file a notice of appeal as directed and appointed counsel to represent petitioner. [DE 150]. At the hearing, petitioner, represented by counsel, withdrew his ineffective assistance of counsel claims which had been raised in his § 2255 motion. Petitioner further moved to amend his § 2255 motion

to raise an additional claim for relief. This written order is entered to memorialize and in support of the Court's rulings from the bench on September 12, 2018.

## DISCUSSION

At the outset, the Court ALLOWS petitioner's withdrawal of his ineffective assistance of counsel claims and ALLOWS petitioner's request to amend his § 2255. The government's motion to dismiss is therefore DENIED AS MOOT. Petitioner now claims that the ten-year term of supervised release imposed at his original sentencing hearing violates the applicable statutory maximum. *See* 18 U.S.C. § 3583(b); *United States v. Good*, 25 F.3d 218, 221 (4th Cir. 1994) ("Although there is no maximum period of supervised release expressed in the statutory language of 21 U.S.C. § 841(b)(1)(B) . . . the maximum period of supervised release for a[n] . . . offender found guilty of this Class B felony is five years."); *see also United States v. Dawson*, 587 F.3d 640, 648 n.5 (4th Cir. 2009).

The government declined to take a position at the hearing as to petitioner's amended claim. Because petitioner was convicted of a Class B felony, the statutory maximum term of supervised release that he faced was five years. 18 U.S.C. § 3583(b)(1). His supervised release term of ten years is therefore invalid, and the amended motion to vacate is GRANTED. Petitioner's supervised release sentence is VACATED. A new term of four (4) years of supervised release is hereby imposed.

## CONCLUSION

For the foregoing reasons, petitioner's oral motion to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is GRANTED. Petitioner's amended motion to vacate is GRANTED and his ten-year term of supervised release is VACATED. Petitioner is re-sentenced to a term of four (4) years of supervised release. The Court recommends FCI Butner.

Petitioner is granted credit for time already served against his sentence. All other terms and conditions of the Court's judgment entered April 12, 2017, shall remain in full force and effect. The government's motion to dismiss the original § 2255 motion [DE 145] is DENIED AS MOOT.

SO ORDERED, this 18 day of September, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE